[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FROM JURY DOCKET
This is a case in which plaintiff seeks a foreclosure of a mortgage, and defendant has answered and pleaded a counterclaim in five counts claiming in defendant's prayer for relief "(1) a stay of the foreclosure proceedings; (2) monetary damages and (3) costs and interest". With the filing of defendant's counterclaim the defendant filed a claim for the jury docket which has occasioned the plaintiff's motion to strike the case from the jury docket.
There is, of course, no right to a jury trial in an equitable action. United States Trust Company v. Bohart,197 Conn. 34, 45. It is equally true that issues of law can require determination by a jury. However when legal and equitable issues are combined in a single action, the determination of whether or not a right to a jury trial attaches depends on the relative importance of the two types of claims. Id., at 45.
In this case, the complaint has not been answered or subjected to requests to revise and so it stands raising issues CT Page 8288 claiming a breach of a fiduciary duty which defendant alleges was assumed by the plaintiff bank. Assuming, arguendo, that the legal conclusions contained in this pleading raise issues of law, the defendant's prayer for relief is, first and foremost, a request to the equitable side of the court, in that it asks for a stay of the foreclosure proceedings. This prayer for relief makes it abundantly clear that the main thrust of the defendant's counterclaim is equitable, and not legal. Therefore the motion to strike from the jury docket is granted, without even reaching the question of whether the complaint or counterclaim "predominates".
The court recognizes that the foregoing language may be an invitation to further amendments of defendant's counterclaim. While the court does not wish to discourage whatever amendments counsel wish to make, it should be pointed out that if the prayers for relief are amended to remove any connection with the mortgage foreclosure itself, so that defendant's counterclaim becomes essentially a separate action seeking only money damages, the counterclaim will then subject to a motion to bifurcate the two claims, so that plaintiff's foreclosure would proceed on the equitable side, leaving defendant's counterclaim to be tried before a jury at a later date. The court is not indicating obviously, that it has prejudged the issue of whether a subsequent pleading will or will not be essentially a legal or an equitable claim, but hopes the foregoing will be of assistance to counsel in the further efficient prosecution of this case.
Koletsky, J.